UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHARLES WATSON,

                Plaintiff,

v.

M.D. LESTER N. WRIGHT, et al.,

                Defendants.

**REPORT, RECOMMENDATION and ORDER**

08-CV-00960(A)(M)

---

This case was referred to me by Hon. Richard J. Arcara to conduct "all pre-trial matters", including to "hear and report upon dispositive motions" [36].[1] Before me are plaintiff's motions for a preliminary injunction and expedited hearing [50] and for a stay of transfer [61]. For the following reasons, I recommend that plaintiff's motion for a preliminary injunction and expedited hearing be DENIED, and order that plaintiff's motion to stay be DENIED .

## BACKGROUND

Plaintiff, an inmate, commenced this action *pro se* pursuant to 42 U.S.C. §1983, alleging, *inter alia*, that defendants have been deliberately indifferent to his medical needs while incarcerated at the Lakeshore and Attica Correctional Facilities. Second Amended Complaint [45]. On February 24, 2009 plaintiff was transferred from the Attica Correctional Facility to the Green Haven Correctional Facility ("Green Haven"). Declaration of Frederick Bernstein, M.D., ¶ 4.

---

[1] Bracketed references are to the CM/ECF docket.

Plaintiff moves for a preliminary injunction and expedited hearing requiring defendant Lester Wright, M.D., New York State Department of Correctional Services ("DOCS") Chief Medical Director, and non-party Frederick Bernstein, M.D., Green Haven's Health Services Director, to provide him with certain medical care and treatment [50]. Plaintiff also moves to stay his transfer to another facility until the course of his medical treatment is complete [61].

## DISCUSSION AND ANALYSIS

### A. Plaintiff's Motion for a Preliminary Injunction and Expedited Hearing

A preliminary injunction "is an extraordinary remedy and should not be routinely granted." Patton v. Dole, 806 F. 2d 24, 28 (2d Cir. 1986). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." Fisher v. Goord, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (Arcara, J.).

"When seeking a preliminary injunction that will affect 'government action taken in the public interest pursuant to a statutory or regulatory scheme' the moving party must show: (1) 'it will suffer irreparable harm' absent the injunction and (2) 'a likelihood of success on the merits.' . . . However, where, as here, 'the injunction sought will alter rather than maintain the status quo,' the movant must show 'clear' or 'substantial' likelihood of success. . . . As a final consideration, '[w]henever a request for a preliminary injunction implicates public interests, a court should give some consideration to the balance of such interests in deciding whether a

plaintiff's threatened irreparable injury and probability of success on the merits warrants injunctive relief.'" Rodriguez ex rel. Rodriguez v. DeBuono, 175 F. 3d 227, 233 (2d Cir. 1999).

Pursuant to the Prison Litigation Reform Act ("PLRA") "preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. §3626(a)(2).

Upon his transfer to Green Haven, plaintiff underwent an initial health screening on February 24, 2009. Declaration of George Zimmerman, Esq. [54], Ex. A, Bates No. 00011. At that time, it was noted that plaintiff suffers from sciatica, hepatitis C, pruritus, and duodenitis. Id. On February 25, 2009, a physician evaluated his medication needs. Id. Plaintiff was prescribed Vistaril for his complaints of itching and Prilosec for his gastric reflux. Id. at Bates Nos. 00018-00019. Beyond his initial health screenings, plaintiff has been seen on eight occasions by Green Haven's medical staff from February 26, 2009 through April 20, 2009 for various complaints. Id. at 00013-00018.

Plaintiff seeks an injunction requiring Drs. Wright and Bernstein to maintain his prescriptions, have him treated by a gastroenterologist and neurologist, undergo an endoscopy and liver biopsy, and to stop the disruption of his medical treatment if, and when, he is transferred to another facility. Notice of Motion [50].

Without conceding that plaintiff has established an irreparable risk of harm (*see* Paulsen v. County of Nassau, 925 F. 2d 65, 68 (2d Cir. 1991) ("improper conduct for which monetary remedies cannot provide adequate compensation suffices to establish irreparable

harm")), defendants argue that plaintiff has failed to establish a clear or substantial likelihood of success on the merits. Defendants' Memorandum of Law [53], p.7.

To prevail on a preliminary injunctive motion, there must be "proof of a likelihood of succeeding on the merits of a claim, or evidence that establishes the existence of sufficiently serious questions going to the merits of a claim and a balance of hardships tipping decidedly toward the party seeking such relief." McChesney v. Hogan, 2009 WL 607398, *4 (N.D.N.Y. 2009). As a prerequisite to establishing a likelihood of succeeding on the merits of a claim, "the relief that a plaintiff seeks by way of injunction must relate to the allegations contained in the underlying complaint." Chavis v. Ryan, 2007 WL 446440, **1-2 (N.D.N.Y. 2007).

The second amended complaint alleges various claims arising from his incarceration at the Attica and Lakeview Correctional Facilities [45]. However, plaintiff's preliminary injunction motion relates to the medical treatment he has received since his transfer to the Green Haven. Thus, plaintiff cannot establish a likelihood of success on the merits of his underlying claim as currently alleged. See Chavis, supra, 2007 WL 446440 at *2 ("the allegations that form the basis for Plaintiff's current motion, all of which arise from events that occurred at Auburn Correctional Facility or Southport Correctional Facility, are not related to the allegations contained in his complaint, all of which arise from events that occurred at Upstate Correctional Facility. . . . [B]ecause Plaintiff's allegations in support of his motion for injunctive relief are unrelated to the allegations contained in his complaint, he has failed to establish . . . a likelihood of success on the merits of his underlying claims".).

Even if the relief plaintiff seeks had been encompassed by the allegations of his second amended complaint, I would deny the motion. The "deliberate indifference" standard

consists of both objective and subjective components. Hathaway v. Coughlin, 37 F. 3d 63, 66 (2d Cir. 1994), cert. denied, 513 U.S. 1154 (1995). Under the *objective* component, the alleged medical need must be "sufficiently serious." Id. A "sufficiently serious" medical need is "a condition of urgency, one that may produce death, degeneration, or extreme pain." Id. "Factors that have been considered include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Chance v. Armstrong, 143 F. 3d 698, 702 (2d Cir. 1998). "The medical condition does not have to occur immediately; it suffices if the condition presents itself 'in the next week or month or year.'" Moore v. McGinnis, 2004 WL 2958471, *6 (W.D.N.Y. 2004) (Siragusa, J.).

To satisfy the *subjective* component, plaintiff must show that the defendant officials acted with a "sufficiently culpable state of mind" in depriving him of adequate medical treatment. Hathaway v. Coughlin, 99 F. 3d 550, 553 (2d Cir. 1996). "The subjective element of deliberate indifference 'entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" Id. *See also* Hernandez v. Keane, 341 F. 3d 137, 144 (2d Cir. 2003), cert. denied, 543 U.S. 1093 (2005) (likening the necessary state of mind to "the equivalent of criminal recklessness"). In order to be found "sufficiently culpable," the official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety; [he] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Much of the relief plaintiff seeks has been rendered moot. For example, plaintiff concedes that since filing his motion, an endoscopy has been performed. Plaintiff's Reply Memorandum [60], p. 2. Although plaintiff argues that he should still be seen by a gastroenterologist, he concedes that a gastric specialist performed his endoscopy. Id. at pp. 2-3. Likewise, plaintiff concedes that since the filing of his motion he has been provided with his special diet and shampoo. Id. at p. 6.

The balance of plaintiff's claims amount to a disagreement about the care he is receiving, which is insufficient to establish an Eighth Amendment violation. "The Constitution does not require that an inmate receive a particular course of treatment, or that an inmate see a requested specialist." Tafari v. Stein, 2009 WL 331378, *7 (W.D.N.Y. 2009) (Scott, M.J.), recons. denied, 2009 WL 1322317 (2009). Thus, "courts have repeatedly held that disagreements over treatment do not rise to the level of a Constitutional violation." Graham v. Gibson, 2007 WL 3541613, *5 (W.D.N.Y. 2007) (Siragusa, J.). "Determinations made by medical providers within their discretion are given a 'presumption of correctness' when it concerns the care and safety of patients." Mendoza v. McGinnis, 2008 WL 4239760, *11 (N.D.N.Y. 2008).

For example, plaintiff argues that he requires vitamins and skin lotion to treat his pruritus and prevent itching. Plaintiff's Reply Memorandum [60], p. 2. Dr. Bernstein indicates that Green Haven has reviewed these requests, but found that these treatments are not medically necessary. Declaration of Frederick Bernstein, M.D. [55], ¶11. While plaintiff argues that without his skin lotion he will continue to itch, plaintiff has been prescribed Vistaril for his complaints of itching. Declaration of Frederick Bernstein, M.D. [55], ¶7.

Similarly, relying on a report prepared by a psychiatrist that previously examined plaintiff, Dr. Bernstein has found that referral to an orthopedic surgeon or neurologist is unnecessary. Id. at ¶10. To the extent that plaintiff's sciatica is causing him pain, plaintiff has been referred to a pain clinic. Id.

With regard to plaintiff's request for a liver biopsy, Dr. Bernstein states that his staff has been taking blood samples from plaintiff to measure his liver functioning. Id. at ¶9. Thus far, the testing does not indicate the need for a liver biopsy. Id. However, if plaintiff's condition changes, Dr. Bernstein states that a liver biopsy will be ordered. Id.

Assuming that plaintiff's ailments constitute serious medical conditions, he must still establish that defendants "acted with a sufficiently culpable state of mind, *i.e.*, deliberate indifference. He must therefore show that prison officials intentionally denied, delayed access to, or intentionally interfered with prescribed treatment." Tafari, supra, 2009 WL 331378 at *6. However, as discussed supra, it is apparent that defendants are attempting to control his pain, monitor his condition, and treat his various ailments.

Therefore, I recommend that plaintiff's motion for a preliminary injunction be denied. In light of this recommendation I also recommend that his motion for an expedited hearing be denied as moot.[2]

---

[2] "'There is no hard and fast rule in this Circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstance dispose of the motion on the papers before it.'" Maryland Casualty Co. v. Realty Advisory Board on Labor Relations, 107 F.3d 979, 984 (2d Cir. 1997). I conclude that the motion can be resolved on the papers before me, without the need for a hearing.

B.  **Plaintiff's Motion for a Stay**

Plaintiff also moves for "an immediate stay of . . . any transfer pending and to have a medical hold placed on [him] until such time . . . the course of his medical treatment is complete." Plaintiff's Motion [61]. Defendants argue that this court lacks the authority to grant the requested relief. Defendants' Memorandum of Law [65], Point I.

According to DOCS, plaintiff was transferred to Green Haven, a double bunking facility, after he stated a preference to be housed near New York City. Declaration of Leonard Cecilia [66], ¶¶4 and 6. To facilitate his transfer, plaintiff was required to sign a sixty day waiver permitting him to be double bunked. Id. at ¶6. Since the expiration of the initial waiver, plaintiff has refused to execute another. Id. at ¶7 Therefore, he was advised by DOCS on April 24, 2009 that "a transfer has been submitted. Movement will be effected once the facility medical hold has expired." Plaintiff's Motion [61], attached April 24, 2009 letter.

Although plaintiff disagrees with defendants' allegation that Green Haven is solely a double bunking facility (Plaintiff's Reply [68], p. 5), "generally, the Department of Correctional Services has the authority and discretion to determine where inmates should be housed, and when transfers are appropriate. . . . In fact, it is well settled that '[a] state prisoner has no liberty interest in being housed in a particular facility.'" Abbas v. Senkowski, 2007 WL 2687669, *2 (N.D.N.Y. 2007). "While the discretion of prison officials to place and transfer prisoners is broad, it is not unfettered; when such a transfer is made out of purely retaliatory motivation, in response to constitutionally protected activity, a claim of unlawful retaliation under the First Amendment is established." Houston v. Goord, 2009 WL 890658, *13 (N.D.N.Y. 2009).

-8-

At this stage, plaintiff has not established, other by sheer conjecture, that his transfer is being ordered in response to any constitutionally protected activity he has undertaken, rather than resulting from legitimate penological considerations arising from plaintiff's unwillingness to double bunk.

Moreover, the motivation for plaintiff's motion is to prevent an interruption in his medical treatment. However, he is currently subject to a medical hold to permit him to complete a series of injections he is receiving for his chronic back pain. See Declaration of Betsy Kelly [67], ¶6. The last of these injections were scheduled to occur on June 4, 2009, and his medical hold is currently set to expire on June 18, 2009. Id. at ¶¶7-8; Declaration of Leonard Cecilia [66], ¶¶9. Although plaintiff argues that there is a "strong possibility that the epidural spinal injections will not provide relief", Plaintiff's Reply [68], p. 7, defendants concede that plaintiff's medical hold may be extended depending on his condition following the injections. Id. at ¶8. Therefore, even if I had the authority to prohibit plaintiff's transfer, it largely appears that plaintiff has been provided the relief he seeks: namely, a stay of his transfer pending the release of his medical hold. Accordingly, plaintiff's motion is DENIED without prejudice to renewal.

## CONCLUSION

For these reasons, I recommend that plaintiff's motion for a preliminary injunction and expedited hearing [50] be DENIED, and order that plaintiff's motion to stay [61] be DENIED. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3),

<u>or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report and Recommendation), may result in the District Judge's refusal to consider the objection.</u>

**SO ORDERED**

DATED:     June 8, 2009

                                                    /s/ JEREMIAH J. MCCARTHY
                                                   United States Magistrate Judge