UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHARLES WATSON,

                              Plaintiff,

                                                    **DECISION AND ORDER**
                                                    08-CV-0960A

              v.

M.D. LESTER N. WRIGHT et al.,

                              Defendants.

I.     **INTRODUCTION**

       Plaintiff, an inmate at Clinton Correctional Facility ("Clinton"), commenced this

action *pro se* pursuant to 42 U.S.C. §1983. He has been granted leave to file a

Fourth Amended Complaint (Docket Nos. 177, 186).

       Plaintiff is diagnosed with Hepatitis C and suffers from liver disease. His

current Fourth Amended Complaint alleges, *inter alia*, that defendants have been

deliberately indifferent to his medical needs while incarcerated at the Lakeview,

Attica and Clinton Correctional Facilities since July 26, 2007. (Docket No. 212).

       Plaintiff has filed his fourth motion for a preliminary injunction and expedited

hearing (Docket No. 183). His prior three motions, which sought a variety of relief,

including to be seen by specialists (hepatologist, gastroenterologist, neurologist), to

receive anendoscopy and liver biopsy, and to cease the interruption of his medical

treatment and prescriptions during facility transfers, have all been denied (Docket

Nos. 74, 110, 169).

Plaintiff's present motion seeks:

> 1) "a shower pass at Clinton . . . to bathe three times a week as opposed to the scheduled one shower a week . . . due to Plaintiff's condition of pruritus which result in dry, itchy, broken scarred skin . . . [and] Plaintiff must stand in . . . puddles which aggravate the Plaintiff's onychomycosis . . . which destroys his toenails";
>
> 2) to be "seen by a dermatologist to offer treatment for a worsening itching condition; and issued skin lotion to ameliorate the . . . skin condition";
>
> 3) to be "issued the Ensure nutritional supplement pursuant to the specialist's direction due to the Plaintiff's chronic gastritis and the ensuing recurrent nausea and inability to eat at times"; and
>
> 4) to be "assigned another primary care provider who will adhere to the DOCS Patient Bill of Rights."

Pl. Notice of Motion (Docket No. 183) at 1-2.[1]

## II.   DISCUSSION

### A.   General Legal Principles–Preliminary Injunction

A preliminary injunction "is an extraordinary remedy and should not be routinely granted." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir.1986). "In the prison context, a request for injunctive relief must always be viewed with great caution so

---

[1]  In July, 2011, the New York State Department of Correctional Services merged with the Division of Parole and is now referred to as the New York State Department of Corrections Services and Community Supervision ("DOCCS"). *See* http://www.docs.state.ny.us/FactSheets/DOCS-Parole-Merger.html

as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997).

"When seeking a preliminary injunction that will affect government action taken in the public interest pursuant to a statutory or regulatory scheme the moving party must show: (1) it will suffer irreparable harm absent the injunction and (2) a likelihood of success on the merits . . . . However, where, as here, the injunction sought will alter rather than maintain the status quo, the movant must show clear or substantial likelihood of success . . . . As a final consideration, whenever a request for a preliminary injunction implicates public interests, a court should give some consideration to the balance of such interests in deciding whether a plaintiff's threatened irreparable injury and probability of success on the merits warrants injunctive relief." *Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 233 (2d Cir.1999).

The Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626(a) (2), requires that "preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."

**Irreparable Harm**

"To establish irreparable harm in the context of a medical claim, plaintiff must show that he has a medical condition which is likely to become significantly worse without some definite course of treatment." *Burgess v. Goord*, 2005 WL 1458236,

-3-

*2 (N.D.N.Y. 2005). "Generally, an alleged violation of constitutional rights, such as those encompassed by the Eighth Amendment, creates a presumption of irreparable harm." *McKenna v. Wright*, 2002 WL 338375, *4 (S.D.N.Y. 2002). "However, since the movant must show that the alleged irreparable harm is imminent, and not remote or speculative, we cannot rest a finding of irreparable harm solely on past conduct, even where a plaintiff has alleged that such conduct violated the Eighth Amendment." *Id.*

Plaintiff complains that he suffers from dry, itchy skin (pruritus) as a result of chronic Hepatitis C infection and states that the environmental conditions at Clinton Correctional Facility aggravate his skin condition. Affidavit of Charles Watson ("Watson Aff.") ¶ 5 (Docket No. 183). Plaintiff seeks to treat his skin condition with lotion and frequent showers. *Id.*, ¶ 7. By his own admission, plaintiff is prescribed antihistamines to treat his pruritus symptoms. *Id.*, ¶ 5; *see also* Declaration of Dr. Vonda Johnson ("Johnson Decl.") ¶ 10 (Docket No. 192-1). Moreover, increased showers would not alleviate Plaintiff's skin condition, but would actually exacerbate it, and is not medically indicated for dry skin. *Id.*, ¶ 11. Plaintiff does have access to showers, and does not have any medical condition which prevents him from using the communal showers at Clinton. He has been advised of this by medical staff. *Id.*, ¶ 12-13.

While he requests lotion to treat his itching skin, Plaintiff has been advised that he is able to purchase lotion from the commissary. Watson Decl. ¶ 11. In the

absence of a diagnosed skin condition, as in Plaintiff's case, medical providers at Clinton do not prescribe medicated lotion. Johnson Decl. ¶ 16.  Further, because Plaintiff has been repeatedly examined at Clinton and does not have any diagnosed skin condition, there is no reason for him to receive a referral to a specialist. *Id.*, ¶ 30. Even if Plaintiff were to be diagnosed with dry skin, which he has not been, dry skin is not outside the area of a general practitioner and a referral would not be warranted. *Id.*  Accordingly, Plaintiff has failed to establish that he is likely to suffer irreparable harm if he is not assigned a shower pass for medical purposes[2], referred to a dermatologist, or prescribed lotion for his pruritus.

Likewise, Plaintiff is also being treated for his gastritis. Watson Decl.  ¶ 15. Such treatment includes being on a therapeutic, high fiber, low-fat diet, and being provided a proton pump inhibitor to control stomach acids. *Id.*, ¶ 17; Johnson Decl., ¶ 29. While Plaintiff asserts that he requires Ensure, a liquid nutritional supplement, to aid in the "absorption of nutrients and alleviate his chronic fatigue," Watson Decl. ¶ 17, it is policy at Clinton that medical providers must assess whether an inmate has a poor or declining nutritional status prior to ordering Ensure.  Pl. Ex. A7 (Docket No. 183-1). Plaintiff does not meet the criteria for medically prescribed nutritional supplementation. Pl. Ex. A8. While it is true that Plaintiff previously received Ensure, he was taken off of it because his body mass index revealed that it was no longer

---

[2] Plaintiff also contends that the pooling water in the communal showers at Clinton aggravate his onychomycosis, or toneail fungus. Watson Decl. ¶ 9. He does not elaborate on this point, however, and contrary to his assertion, pooling water does not aggravate toenail fungus. Johnson Decl. ¶ 14.

medically necessary in that Plaintiff showed significant weight gain between October 13, 2010 and March 31, 2011, and is in fact considered obese. Johnson Decl. ¶¶ 25-26. Plaintiff's blood tests show no signs of nutritional deficit, *Id.*, ¶ 27, and he therefore does not establish that he is likely to suffer irreparable harm without the Court's intervention with respect to his desired nutritional regimen.

Finally, Plaintiff takes issue with the treatment he is being provided by Dr. Lee, whom Plaintiff alleges "does not examine and touch black prisoners or communicate with prisoners [and] therefore does not correctly diagnose, does not provide the proper treatment, and certainly does not provide any prognosis." Watson Aff. ¶ 18. However, Plaintiff does not point to any objective deficiencies in Mr. Lee's treatment, and does not state that Dr. Lee has failed to diagnose any specific conditions. There is therefore no reason for the Court to find that he is likely to suffer irreparable harm from Lee's medical care.

### Likelihood of Success on the Merits

Plaintiff also fails to demonstrate a likelihood of success on the merits. The standard for an Eighth Amendment claim of deliberate indifference consists of both objective and subjective components. *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir.1994), *cert. denied*, 513 U.S. 1154 (1995). Under the objective component, the alleged medical need must be "sufficiently serious." *Id.* A "sufficiently serious" medical need is "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Id.* "Factors that have been considered include the existence of an

injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir.1998). "The medical condition does not have to occur immediately; it suffices if the condition presents itself 'in the next week or month or year.'" *Moore v. McGinnis*, 2004 WL 2958471, *6 (W.D.N.Y.2004).

To satisfy the subjective component, plaintiff must show that the defendant officials acted with a "sufficiently culpable state of mind" in depriving him of adequate medical treatment. *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). "The subjective element of deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.; see also Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir.2003), *cert. denied*, 543 U.S. 1093 (2005) (likening the necessary state of mind to "the equivalent of criminal recklessness"). In order to be found "sufficiently culpable", the official must "know[ ] of and disregard[] an excessive risk to inmate health or safety; [he] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Here, Plaintiff has failed to establish that his pruritus and gastritis are serious medical conditions capable of producing death, degeneration, or extreme pain.

"Complaints of abdominal pain, vomiting, heartburn, constipation, body odor and extreme body heat did not constitute a serious medical need." *Ross v. McGinnis*, 2004 WL 1125177, *10 (W.D.N.Y. 2004); *Benitez v. Ham*, 2009 WL 3486379, *11 (N.D.N.Y. 2009) ("plaintiff suffered from a severe body itch. While this condition was undoubtedly unpleasant, it simply does not rise to the level of an Eighth Amendment violation"). Even the Court were to assume that plaintiff's ailments constitute serious medical conditions, he must still establish that defendants "acted with a sufficiently culpable state of mind, i.e., deliberate indifference. He must therefore show that prison officials intentionally denied, delayed access to, or intentionally interfered with prescribed treatment." *Tafari v. Stein*, 2009 WL 331378, *6 (W.D.N.Y. 2009).

Plaintiff's own submissions indicate that he is in fact being treated for the complained-of conditions. Though he may disagree with the specific course of treatment that he has been receiving by medical staff at Clinton, this alone insufficient to establish an Eighth Amendment violation, as it is well-settled that a prisoner's disagreement over treatment does not rise to the level of a Constitutional violation. *Graham v. Gibson*, 2007 WL 3541613, *5 (W.D.N.Y. 2007). "The Constitution does not require that an inmate receive a particular course of treatment, or that an inmate see a requested specialist." *Tafari*, 2009 WL 331378 at *7. Rather, "[d]eterminations made by medical providers within their discretion are given a presumption of correctness when it concerns the care and safety of patients." *Mendoza v. McGinnis*, 2008 WL 4239760, *11 (N.D.N.Y. 2008).

Plaintiff's complaints of itching skin and gastritis have been addressed by the medical staff at Clinton. An issue of medical judgment, as is the case here, "is precisely the sort of issue that cannot form the basis of a deliberate indifference claim." *Hernandez*, 341 F.3d 137 at 147. While Plaintiff may object to the type of treatment ordered, that is an issue of medical judgment which cannot be challenged under the Eighth Amendment. *Id.*

Finally, to the extent that Plaintiff alleges that Dr. Lee does not following DOCCS policy regarding its "Patients' Bill of Rights," such a claim fails to state a cause of action under 42 U.S.C. § 1983. A violation of a state law or regulation, in and of itself, does not give rise to liability under § 1983. *Doe v. Conn. Dep't of Child & Youth Svcs.*, 911 F.2d 868, 869 (2d Cir. 1990).

Under these circumstances, Plaintiff has not established that defendants were deliberately indifferent to his medical condition and therefore cannot demonstrate a likelihood of success on the merits so as to warrant a preliminary injunction. Plaintiff's motion is denied.

IV.     **CONCLUSION**

For all of the foregoing reasons, the Court denies Plaintiff's Motion for a Preliminary Injunction and Expedited Hearing (Docket No. 183).

This case is referred back to Magistrate Judge McCarthy for further proceedings.

SO ORDERED.

*s/ Richard J. Arcara*

HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED:September 29, 2011